# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| ELAINE WANAT, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:17-cv-1507 |
| TOTAL CARD, INC. and CAVALRY SPV I, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

NOW comes ELAINE WANAT ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining as to the conduct of TOTAL CARD, INC. ("Total Card") and CAVALRY SPV I, LLC ("Cavalry" and together with Total Card, "Defendants") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendants' unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1692, 28 U.S.C. §§ 1331 and 1337, as this action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Northern District of Illinois and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Illinois.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing at 5215 West Pensacola Avenue, Chicago, Illinois, which lies within the Northern District of Illinois.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

6. Cavalry purchases and collects delinquent consumer debts throughout the United States including in Illinois. Cavalry maintains its principal office at 500 Summit Lake Drive, #400, Valhalla, New York.

7. Total Card collects delinquent consumer debts throughout the United States including in Illinois. Total Card maintains its principal office at 5109 S. Broadband Lane, Sioux Falls, South Dakota.

8. Cavalry acted as a principal over its agent Total Card at all times relevant to the instant action. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigs, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSE OF ACTION

9. Many years ago, Plaintiff obtained a consumer credit card ending in 2074 issued through HSBC Bank Nevada, N.A. ("HSBC") which she used to fund purchases of household goods and services.

10. As a result of financial hardship, Plaintiff fell behind on her payments to HSBC and ultimately incurred an outstanding debt of approximately $381.85 ("subject consumer debt").

11. After Plaintiff's default, HSBC sold the collection rights to the subject consumer debt to various entities before ultimately resting with Cavalry.

12. After acquiring the subject consumer debt, Cavalry engaged numerous entities to collect on the subject consumer debt throughout the last several years.

13. Ultimately, Cavalry engaged Total Card to collect on the subject consumer debt.

14. Defendant's systematic collection campaign included mailing Plaintiff a correspondence dated October 18, 2016 that offered various payment options. *See* attached Exhibit A is a true and correct copy of the collection correspondence sent by Total Card to Plaintiff.

15. The collection correspondence listed HSBC as the original creditor and Cavalry as the current creditor. *See* Exhibit A.

16. Relevant to the instant action, the collection correspondence stated, "The law limits how long you can be sued on a debt. Because of the age of your debt, Cavalry SPV I, LLC will not sue you for it." *Id.*

17. The collection correspondence identified Total Card as a debt collector that was attempting to collect on a debt. *Id.*

18. The collection correspondence also included a detachable payment coupon instructing Plaintiff to return to Total card with a payment. *Id.*

19. The collection correspondence was designed to and had the natural consequence of misleading Plaintiff into believing that she could still be sued if she did not make payment on the subject consumer debt.

20. The collection correspondence is deceptive because Defendants cannot sue Plaintiff due to the fact that the statute of limitations period on the filing of a lawsuit to collect the subject consumer debt had expired when Plaintiff received the collection correspondence.

21. Defendants did not explain the consequences of Plaintiff entering into one of the proposed payment arrangements.

22. Most notable to the instant action, Defendants neglected to inform Plaintiff that payment towards the subject consumer debt would revive the statute of limitations period for suing upon the subject consumer debt, which had long passed.

23. It is well settled law in Illinois that repayment on a debt which has expired due to the statute of limitations will be revived through payment by a debtor.

24. "An unqualified admission that a debt is due and unpaid, accompanied by nothing said or done to rebut the presumption of a promise to pay it, it is sufficient to revive the debt against the Statute of Limitations." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

25. Repayment towards the subject consumer debt would expose Plaintiff to potential liability.

26. Defendants have systematically attempted to coerce Plaintiff into reviving the subject consumer debt.

27. "If the debtor clearly admits the debt to be due and unpaid, and uses language indicating an intention to pay it, a new promise to pay is implied." *Phillip Ross v. St. Clair Foundry Corporation,* 271 Ill.App. 271, 273 (4th Dist. 1933).

28. The collection correspondence is calculated to induce either a payment or a response from Plaintiff acknowledging the subject consumer debt and a promise to pay.

29. In the event that Plaintiff makes a payment towards the subject consumer debt, the clock would restart on the statute of limitations period.

30. The collection correspondence is deceptive for the plain fact that it fails to advise Plaintiff of the legal consequences of acknowledging the subject consumer debt and promising to pay.

31. Defendants attempted to lure Plaintiff into a trap whereby she will pay towards a time-barred debt in exchange for a renewed statute of limitations period.

32. "A new promise to pay a past-due debt which removes a case from the running of the statute of limitations is unlike a normal bargain in that it creates a new debt ..." *Axia Incorporated v. I.C. Harbour Construction Co.* 150 Ill.App.3d 645, 645, 651-52 (2nd Dist. 1986).

33. Defendants' right to sue on the subject consumer debt would be revived if Plaintiff choose to pay pursuant to one of the repayment options.

34. Defendants' statements within the collection correspondence are not only deceptive, but baseless, and further add to the state of confusion perpetuated by Defendants' collection practices.

35. "Absent disclosures to consumers as to the age of their debt, the legal enforceability of it, and the consequences of making a payment on it, it is plausible that dunning letters seeking collection on time-barred debts may mislead and deceive unsophisticated consumers." Brief of Amici Curiae Federal Trade Commission and Consumer Financial Protection Bureau at 7, *Delgado v. Capital Management Services, LP*, 2013 WL 1194708 (No. 13-2030).

36. Defendants had no reason to believe that Plaintiff would be able to decipher their jumbled language in the collection correspondence, nor reconcile it with the conflicting legal nature of the subject consumer debt.

37. Defendants' business model violates the FDCPA; this is most evident when considering the deceptive practices they employs when attempting to collect on a time-barred debt.

38. The FDCPA prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

39. Defendants' actions are not only ambiguous, baseless, and nonsensical, but they are also false, deceptive, and misleading.

40. Defendants' communications are intentionally deceptive and confusing to consumers in order to collect on debts that are beyond the applicable statute of limitations.

41. Defendants' harassment techniques are designed to force consumers, such as Plaintiff, to pay immediately to avoid further harassment, embarrassment, and sheer annoyance.

42. Defendants attempted to revive its right to sue on the alleged debt by formulating a scheme to coerce Plaintiff into acknowledging the subject consumer debt and reviving the statute of limitations.

43. "A debtor should not lose this protection of the law without knowing its value to him, and he cannot know the value unless he knows the amount of the claim which will no longer be sheltered by the statute." *Schmidt v. Desser,* 81 Ill.App.3d 940, 943 (3rd Dist. 1980).

44. Plaintiff has suffered anxiety and mental anguish as she believed she will be sued for a debt that she cannot be sued on.

45. Moreover, Plaintiff has incurred costs and expenses consulting with and retaining her attorneys as a result of Defendants' conduct.

### COUNT I – VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff repeats and realleges paragraphs 1 through 45 as though fully set forth herein.

47. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction for personal, family, or household purposes.

48. Defendants are "debt collectors" as defined by §1692a(6) because they regularly collect debts and uses the mail and/or the telephone to collect delinquent consumer accounts and because their collection activities commenced after the subject consumer debt was in default.

49. Defendants violated 15 U.S.C. §§1692e, e(10), and f, through their debt collection efforts.

    **a. Violations of 15 U.S.C. §1692e**

50. Defendants violated 15 U.S.C. 1692e by failing to advise Plaintiff that she cannot be sued on the subject consumer debt. The omission is deceptive because it is designed to revive the statute of limitations on a debt that cannot be legally enforced. As opposed to properly stating that it *could not* sue Plaintiff, Defendants falsely and misleadingly stated that it *will not* sue her.

51. Defendants violated 15 U.S.C. §1692e(10) by employing deceptive means to collect the subject consumer debt. Specifically, the failure of Defendants to advise Plaintiff that she cannot be sued on the subject debt was deceptive.

### b. Violations of 15 U.S.C. §1692f

52. Defendants violated 15 U.S.C. §1692f by employing unfair means to collect the subject consumer debt from Plaintiff. Specifically, it is unfair for Defendants to attempt to revive the statute of limitations by failing to disclose that they cannot sue on the subject consumer debt and attempting to induce Plaintiff into making a payment or acknowledging the subject consumer debt, thus reviving the statute of limitations.

53. Moreover, it was unfair for Defendants to send the collection correspondence designed to mislead Plaintiff into believing she is liable to be sued for the subject consumer debt despite the lapse in the statute of limitations period.

WHEREFORE, Plaintiff ELAINE WANAT respectfully requests that this Honorable Court enter judgment against Defendants in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff statutory and actual damages in an amount to be determined at trial, for the underlying FDCPA violations;

c. Awarding Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k;

d. Enjoining Defendants from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: February 27, 2017                              Respectfully submitted,

| s/ Nathan C. Volheim | s/Taxiarchis Hatzidimitriadis |
|---|---|
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Illinois | Admitted in the Northern District of Illinois |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 900 Jorie Boulevard, Suite 150 | 900 Jorie Boulevard, Suite 150 |
| Oak Brook, Illinois 60523 | Oak Brook, Illinois 60523 |
| (630) 575-8181 x113 (phone) | (630) 575-8181 x110 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |